**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>NINO'S MARKET,<br>    Defendant. | No. 3:20-cv-01001 (SRU) |
| ALEXANDER MCARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>NINO'S MARKET,<br>    Defendant. | No. 3:20-cv-01054 (SRU) |

**ORDER OF CONSOLIDATION**

The plaintiff in the above captioned cases, Alexander McArthur ("McArthur"), has filed two *pro se* civil actions against defendant, Nino's Market ("Nino"). McArthur claims, *inter alia*, that Nino sold him a faulty product and discriminated against him in violation of 42 U.S.C. § 1981 and the Civil Rights Act of 1866.[1] Both complaints describe events that allegedly took place at Nino's Market. The first complaint involved the purchase of an "Infinity Wireless Headset" that McArthur claims was faulty. *McArthur v. Nino's Market*, No. 3:20-cv-1001 (SRU) (doc. 1, p. 9). McArthur alleges that on July 7, 2020, while attempting to return the headset, he argued with the store owner. During the argument, McArthur claims that the store owner threatened him and called him derogatory names. The second complaint involves events

---

[1] "[T]he 1866 Act [is] presently codified as 42 U.S.C. § 1981 [and] reaches purely private acts of racial discrimination." *Runyon v. McCrary*, 427 U.S. 160, 170 (1976).

that took place when McArthur returned to the store.  McArthur alleges, among other things, that individuals at Nino's threatened and intimidated him.  Furthermore, McArthur claims that Nino's behavior was based on "bigotry or bias," as well as a growing animosity stemming from the previous argument involving the wireless headset.  *McArthur v. Nino's Market*, No. 3:20-cv-1054 (SRU) (doc. 1, pp. 2, 8).  Because McArthur filed his complaint *pro se*, I must liberally construe his pleadings and interpret his complaint "to raise the strongest possible arguments it suggests."  *Weixel v. Board of Education of New York*, 287 F.3d 138, 146 (2d Cir. 2002).  At this stage of the proceedings, McArthur's allegations are sufficient to state a plausible claim of discrimination, as well as a cause of action sounding in products liability.

McArthur has also brought a claim under 42 U.S.C. § 3617 of the Federal Fair Housing Act ("FHA"), which makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by sections 3603, 3604, 3605, or 3606 of this title."  Those sections of the FHA all prohibit "racial and certain other forms of discrimination in the sale, rental, financing or brokerage of certain housing."  *Otero v. New York City Hous. Auth.*, 484 F.2d 1122, 1137 (2d Cir. 1973).  "In order to prevail on a § 3617 claim, a plaintiff must show that: (1) [he] is a protected individual under the FHA; (2) [he] was engaged in the exercise or enjoyment of [his] fair housing rights; (3) the defendant was motivated by discriminatory intent, or his conduct produced a disparate impact; and (4) the defendant coerced, threatened, intimidated, or interfered with the plaintiff on account of [his] protected activity under the FHA."  *Mohamed v. McLaurin*, 390 F. Supp. 3d 520, 545 (D. Vt. 2019).  McArthur's complaint fails to state a discriminatory housing practice claim.  To prevail on a claim brought under section 3617, McArthur must, first

and foremost, show that the coercion, threats, intimidation, or interference occurred while he was engaged in the exercise or enjoyment of his fair housing rights.  Put simply, the proscribed acts must relate to the sale or rental of a dwelling.  The incidents that McArthur describes occurred inside a retail store.  Furthermore, McArthur does not claim to have a landlord/tenant relationship with the defendant.  There is no plausible construction of McArthur's pleadings, however liberally construed, that makes out a viable claim under 42 U.S.C. § 3617.  Accordingly, McArthur's FHA claim is dismissed *sua sponte* for failure to state a plausible claim.

Next, McArthur cites various criminal statutes in support of his civil complaint.  It is well-settled, however, that criminal statutes do not provide a private cause of action.  In his complaint, McArthur seeks to bring claims under Conn. Gen. Stat. § 53a-181, a breach of peace statute, and 18 U.S.C. § 1512, a criminal statute that makes it a crime to tamper with a witness.  McArthur also cites a statute that makes intimidation a Class A misdemeanor in the state of Indiana.  *See* Ind. Code § 35-45-2-1.  The statutes McArthur cites are criminal, not civil, and do not confer a private cause of action.  Because private citizens do not have the power to initiate prosecutions of alleged crimes, I lack the jurisdiction to hear those claims.  *Estate of Musayelova v. Kataja*, 2006 WL 3246779, at *2 (D. Conn. Nov. 7, 2006).

In sum, the cognizable claims over which I have jurisdiction are McArthur's discrimination claim under 42 U.S.C. § 1981 and the products liability claim.  Although McArthur's cases involve two separate transactions, factually, they involve the same defendant, seek the same damages, and arise from the same operative facts.  They are sufficiently related to justify consolidation into a single action.  Therefore, in the interests of justice and judicial economy, the Clerk is directed to consolidate the above-captioned cases into the first-filed case,

*McArthur v. Nino's Market*, No. 3:20-cv-01001 (SRU), and then close the subsequent case: No. 3:20-cv-01054.   The parties are directed to file any future pleadings in the lead case, No. 3:20-cv-01001.

McArthur is directed to file an amended complaint raising only the Section 1981 and products liability claims in No. 3:20-cv-01001 **within thirty (30) days from the date of this Order**.  **Failure to file the amended complaint within thirty (30) days from the date of this Order may result in dismissal of all claims with prejudice.**

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of November 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge